UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>    Defendants. | Civil Action No. 04-CV-10294 DPW |
| MICHELLE TREBITSCH, On Behalf Of Herself and All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>    Defendants. | Civil Action No. 04-CV-10307 DPW |
| INFORMATION DYNAMICS, LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>    Plaintiff,<br>v.<br><br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED and STEPHEN J. NILL,<br><br>    Defendants. | Civil Action No. 04-CV-10308 DPW |

[Additional Captions Follow on Next Page]

**MEMORANDUM OF LAW IN SUPPORT OF JAMES M. BROWER'S MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF CHOICE OF LEAD COUNSEL**

| | |
|---|---|
| PETER KALTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., RUBEN GRUBER, HASSAN AHMED and STEPHEN NILL,<br><br>      Defendants. | Civil Action No. 04-CV-10309 DPW |
| SAMANTHA DEN, Individually and On Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>      Defendants. | Civil Action No. 04-CV-10310 DPW |
| RICHARD CURTIS, Individually And on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>      Defendants. | Civil Action No. 04-CV-10314 MLW |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| RONALD KASSOVER, on Behalf of the Ronald Kassover IRA and All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>     Defendants. | Civil Action No. 04-CV-10329 DPW |
| STEVE L. BAKER, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>     Defendants. | Civil Action No. 04-CV-10333 DPW |
| MICHAEL KAFFEE, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>     Defendants. | Civil Action No. 04-CV-10345 DPW |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| HAIMING HU, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>　　　　Defendants. | Civil Action No. 04-10346 DPW |
| CHARLES STARBUCK, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>　　　　Defendants. | Civil Action No. 04-CV-10362 DPW |
| SAMUEL HO, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>　　　　Defendants. | Civil Action No. 04-CV-10363 DPW |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| JEFFREY C. RODRIGUES, Individually and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>        Defendants. | Civil Action No. 04-CV-10364 DPW |
| ROBERT CONTE and MARK RESPLER, Themselves and On Behalf of All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>        Defendants. | Civil Action No. 04-CV-10382 DPW |
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, On Behalf of Itself and All Others Similarly Situated,<br><br>        Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, and STEPHEN NILL,<br><br>        Defendants. | Civil Action No. 04-CV-10383 DPW |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| BRIAN CLARK, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., PAUL R. JONES, EDWARD N. HARRIS, J. MICHAEL O'HARA, HASSAN M. AHMED and STEPHEN J. NILL,<br><br>　　　　Defendants. | Civil Action No. 04-CV-10454 DPW |
| SHEILA BROWNELL, Individually and On Behalf of All Others Similarly Situated,<br><br>　　　　Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN AHMED, PH.D. and STEPHEN NILL,<br><br>　　　　Defendants. | Civil Action No. 04-CV- 10597 DPW |
| SAVERIO PUGLIESE, On Behalf of Himself and All Others Similarly Situated,<br><br>　　　　Plaintiff,<br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>　　　　Defendants. | Civil Action No. 04-CV-10612 DPW |

**[Additional Captions Follow on Next Page]**

| | |
|---|---|
| DAVID V. NOCITO, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>SONUS NETWORKS, INC., HASSAN M. AHMED, and STEPHEN J. NILL,<br><br>Defendants. | Civil Action No. 04-CV-10623 DPW |

## I. PRELIMINARY STATEMENT

Pursuant to 15 U.S.C. § 78u-4(a)(3)(B), Section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), James M. Brower, an investor residing locally in West Bridgewater, Massachusetts with a loss of approximately $400,874.88 from purchasing common stock of Sonus Networks, Inc. ("Sonus"), respectfully submits this memorandum of law in support of his motion to: (i) consolidate all related actions; (ii) be appointed Lead Plaintiff in the consolidated securities class action; and (iii) approve his selection and retention of Berman DeValerio Pease Tabacco Burt & Pucillo ("Berman DeValerio") as Lead Counsel.

This is a securities class action, alleging violations of Sections 10(b) and 20(a) of the Exchange Act and SEC Rule 10b-5, on behalf of all persons who purchased Sonus common stock during the period of April 9, 2003 through and including March 26, 2004

(the "Class Period").[1] The action charges Sonus; Hassan M. Ahmed, the Company's President and Chief Executive Officer; and Stephen J. Nill, Sonus' former Chief Financial Officer, Vice President of Finance and Administration, and Treasurer, with disseminating false and misleading statements, which led directly to an artificial inflation of the value of the Company's stock.[2]

During the Class Period, Mr. Brower purchased 147,275 shares of Sonus common stock, and, as a result of the fraud alleged, suffered a loss of approximately $400,874.88.

The Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u-4(a)(3)(B)(iii), affords a presumption that the person or group of persons with the largest financial interest in the relief sought by the Class, and who otherwise preliminarily satisfies the requirements of Fed. R. Civ. P. 23, is presumed to be the most adequate plaintiff and should therefore be appointed as lead plaintiff. Here, Mr. Brower is believed to be the shareholder with the largest financial interest in the relief sought by the Class and satisfies the applicable requirements of Fed. R. Civ. P. 23. For the reasons set forth below, Mr. Brower respectfully requests that this Court grant his motion for appointment as Lead Plaintiff and approve his selection of Lead Counsel.

---

[1] Ten of the 19 class actions pending against Sonus and the individual defendants allege a class period of June 3, 2003 through and including February 11, 2004; 5 of the 19 allege a class period of April 9, 2003 through and including February 11, 2004; 1 of the 19 alleges a class period of June 5, 2003 through and including February 11, 2004; 1 of the 19 alleges a class period of April 9, 2003 through and including February 12, 2004; 1 of the 19 alleges a class period of July 11, 2003 through and including February 11, 2004; and 1 of the 19 alleges a class period of May 12, 2003 through and including March 26, 2004. For purposes of this motion, the longest class period of April 9, 2003 through and including March 26, 2004 will be used.

[2] A few of the pending class actions also name as defendants Paul R. Jones, Sonus' Vice President; Edward N. Harris, Sonus' Vice President; J. Michael O'Hara, Sonus' Vice President; and Ruben Gruber, Sonus' founder and Chairman of the Board of Directors.

2

## II. INTRODUCTION

On December 22, 1995, Congress enacted Public Law 104-67, the PSLRA, which amended provisions of the Exchange Act. The PSLRA sets forth, among other things, procedures for providing notice to members of the proposed Class regarding the selection of a lead plaintiff or plaintiffs to prosecute the action on behalf of the Class and the retention of lead counsel.

Specifically, Section 78u-4(a)(3)(A)(i) of the PSLRA now provides that within 20 days after the date on which a securities class action is filed:

> the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class . . .
>
> (I) of the pendency of the action, the claims asserted therein, and the purported class period; and
>
> (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i).

Further, Section 78u-4(a)(3)(B) of the PSLRA now directs the Court to consider any motions by putative class members to serve as lead plaintiff in response to any such notice by the later of: (i) 90 days after the date of publication of the notice; or (ii) as soon as practicable after the Court decides any pending motion to consolidate any actions "asserting substantially the same claim or claims." 15 U.S.C. §78u-4(a)(3)(B).

The PSLRA also directs the Court to presume that the "most adequate plaintiff" to serve as lead plaintiff "is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice . . .;

3

> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure."

15 U.S.C. 78u-4(a)(3)(B)(iii)(I); *see also In re Lernout & Hauspie Sec. Litig.*, 138 F. Supp. 2d 39, 42 (D. Mass. 2001).

This presumption "may be rebutted only upon proof by a member of the purported class that the presumptively most adequate plaintiff . . . will not fairly and adequately protect the interests of the class" or is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II); *Lernout & Hauspie*, 138 F. Supp. 2d at 43; *In re Cendant Corp. Sec. Litig.*, 264 F.3d 201, 262-68 (3d Cir. 2001), *cert. denied*, 122 S. Ct. 1300 (2002) ("[O]nce the presumption is triggered, the question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a 'fair and adequate' job").

### III. SUMMARY OF ALLEGATIONS

Sonus purports to be a leading provider of packet voice infrastructure solutions for wireline and wireless service providers. The Company's products are a new generation of carrier-class switching equipment and software that enables voice services to be delivered over packet-based networks. These packet-based networks transport traffic in small bundles, thereby creating a more efficient and cost-effective means of providing communications services. By enabling voice traffic to be carried over packed-

based networks, the Company's products accelerate the convergence of voice and data into the new public network.

Throughout the Class Period, defendants touted Sonus' strong financial performance and consecutive quarter-over-quarter revenue growth to the unsuspecting public. In reality, however, the Company's revenues and certain other financial statement accounts were misstated as a direct result of the Company's improper revenue recognition and certain other improper practices. On January 20, 2004, after the market closed, Sonus stunned the public when it issued a press release announcing that it would delay the release of its fourth quarter and year-end financial results for the fiscal year-ended December 31, 2003 because the Company needed more time to complete its year-end audit.

Then, on February 11, 2004, after the market closed, Sonus further shocked investors when it announced that its auditors had uncovered certain improper revenue recognition practices and other issues relating to both the timing of revenue recognized and other financial statement accounts. The Company further revealed that as a result of these improper practices, it may have to restate at least its 2003 financial statements and possibly prior periods. In response to this announcement, Sonus' stock dropped $1.05, or 15%. The following day, the stock continued to plummet, closing at $5.39, down $1.30 or 19.4% from the previous day's close.

Prior to the opening of trade on March 29, 2004, Sonus then announced a delay in the filing of its Amended Annual Report on Form 10-K/A for fiscal year 2003. The Company further reported that it expects that it will need to restate its financial results for fiscal year 2002 and announced that it is considering expanding its ongoing accounting

review to include additional prior periods. In response to this announcement, the value of the Company's stock fell an additional 14% to close at $3.92 on March 29, 2004 on extremely high volume.

Subsequently, on April 6, 2004, the Company announced that, having made substantial progress toward the completion of its previously announced review of 2002 and 2003 financial results, it determined that it will expand its review to include additional prior periods. The Company also announced the replacement of its Chief Financial Officer, Stephen Nill. The Company stated that Stephen Nill would become Vice President of Business Operations. The Company further reported that Albert Notini, who was hired as President and Chief Operating Officer, would oversee financial operations until a new Chief Financial Officer is named.

Before disclosing the reality of the Company's financial condition and before the collapse of Sonus' stock price, defendants completed two separate stock offerings reaping proceeds of approximately $187 million. Additionally, defendants substantially profited from the inflation of Sonus' stock price, reaping more than $2 million in illicit insider trading proceeds during the Class Period.

## IV. ARGUMENT

### A. The Related Actions Should Be Consolidated

There are nineteen related securities class actions pending in the District alleging claims against Sonus and its top officers for violations of Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder. These related actions are as follows:

| Abbreviated Case Name | Docket Number | Date Filed |
|---|---|---|
| 1. Chin v. Sonus Networks, Inc. | 04-CV-10294 DPW | Feb. 12, 2004 |
| 2. Trebitsch v. Sonus Networks, Inc. | 04-CV-10307 DPW | Feb. 13, 2004 |
| 3. Information Dynamics, LLC v. Sonus Networks, Inc. | 04-CV-10308 DPW | Feb. 13, 2004 |
| 4. Kaltman v. Sonus Networks, Inc. | 04-CV-10309 DPW | Feb. 13, 2004 |
| 5. Den v. Sonus Networks, Inc. | 04-CV-10310 DPW | Feb. 13, 2004 |
| 6. Curtis v. Sonus Networks, Inc. | 04-CV-10314 MLW | Feb. 13, 2004 |
| 7. Kassover v. Sonus Networks, Inc. | 04-CV-10329 DPW | Feb. 17, 2004 |
| 8. Baker v. Sonus Networks, Inc. | 04-CV-10333 DPW | Feb. 18, 2004 |
| 9. Kaffee v. Sonus Networks, Inc. | 04-CV-10345 DPW | Feb. 20, 2004 |
| 10. Hu v. Sonus Networks, Inc. | 04-CV-10346 DPW | Feb. 20, 2004 |
| 11. Starbuck v. Sonus Networks, Inc. | 04-CV-10362 DPW | Feb. 23, 2004 |
| 12. Ho v. Sonus Networks, Inc. | 04-CV-10363 DPW | Feb. 23, 2004 |
| 13. Rodrigues v. Sonus Networks, Inc. | 04-CV 10364 DPW | Feb. 23, 2004 |
| 14. Conte v. Sonus Networks, Inc. | 04-CV-10382 DPW | Feb. 26, 2004 |
| 15. Wheaton Electrical Services v. Sonus Networks, Inc. | 04-CV-10383 DPW | Feb. 26, 2004 |
| 16. Clark v. Sonus Networks | 04-CV-10454 DPW | Mar. 4, 2004 |
| 17. Brownell v. Sonus Networks, Inc. | 04-CV-10697 DPW | Mar. 31, 2004 |
| 18. Pugliese v. Sonus Networks, Inc. | 04-CV-10612 DPW | Mar. 30, 2004 |
| 19. Nocito v. Sonus Networks, Inc. | 04-CV-10623 DPW | Mar. 31, 2004 |

Each of the above-listed actions involves class action claims on behalf of purchasers of Sonus common stock and asserts essentially similar and overlapping class claims for relief. Consolidation is appropriate where, as here, there are actions involving common questions of law or fact. *See* Fed. R. Civ. P. 42(a). The test is met here and the actions should be consolidated.

### B. Mr. Brower's Motion Is Properly Made Pursuant To The PSLRA

Pursuant to Section 78u-4(a)(3)(A)(i) of the PSLRA, on February 12, 2004, the law firm of Cauley Geller Bowman & Rudman, LLP caused to be published a notice over a national business-oriented wire service, PR Newswire, advising members of the proposed class that a securities class action was filed and that investors had the right to move for appointment as lead plaintiff no later than April 12, 2004. *See* 15 U.S.C. § 78u-

4(a)(3)(A)(i); Matraia Decl. ¶ 2. Having timely filed the instant motion, Mr. Brower satisfies the requirements set forth in Section 78u-4(a)(3)(B)(iii)(I)(aa) of the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa).

PR Newswire is a national business-oriented news wire service that distributed the notice to more than 2,000 different outlets, including *Bloomberg Business News, Dow Jones News Retrieval, Associated Press,* and *Reuters*. Matraia Decl. ¶¶ 2-3. The Notice was reprinted, verbatim, by *Bloomberg Business News, Yahoo,* and *Westlaw*. Matraia Decl. ¶ 2.

In *Greebel v. FTP Software, Inc.*, 939 F. Supp. 57 (D. Mass. 1996), the court found that the notice requirements of Section 78u-4(a)(3)(A)(i) of the PSLRA are satisfied when the plaintiff publishes notice through a national business wire service and when the notice is republished on a medium such as *Bloomberg Business News*. *Id.* at 62-64; *see also Gluck v. Cellstar Corp.*, 976 F. Supp. 542, 545-56 (N.D. Tex. 1997) (finding publication of notice over *Business Wire* adequate). Thus, the notice requirements of Section 78u-4(a)(3)(A)(i) of the PSLRA have been satisfied in this case.

### C. Mr. Brower Has Complied With The Requirements Of The PSLRA And Has The Largest Financial Interest In The Relief Sought By The Class

Mr. Brower has signed a certification form stating that he has: (1) reviewed the complaint; (2) authorized the filing of a complaint on his behalf; and (3) is willing to serve as a representative party on behalf of the Class. This certification contains the requisite statements and satisfies subsection (aa) of Section 78u-4(a)(3)(B)(iii)(I) of the PLSRA. A copy of the certification is attached as Exhibit B to the Matraia Declaration submitted herewith.

8

Under the Exchange Act, losses are calculated as the difference between the purchase or sale price paid and the mean trading price over a 90-day period beginning after the close of the class period. *See* 15 U.S.C. § 78u-4(e)(1) (requiring damages to be based upon the mean trading price for the 90 days after the correction was revealed, which period has yet to expire). The "mean" or average closing price for Sonus common stock during the period March 27, 2004 through April 8, 2004 was approximately $3.94 per share.[3] *See* Matraia Decl., Exhibit C.

During the Class Period, Mr. Brower suffered losses of $400,874.88 as a result of the purchase of 147,275 shares of Sonus common stock. Thus, Mr. Brower is believed to possess the largest financial interest in the relief sought by the Class in these actions. Mr. Brower satisfies Section 78u-4(a)(3)(B)(iii)(I)(bb) of the PSLRA and is presumptively the most adequate lead plaintiff. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).

### D.  Mr. Brower Satisfies The Requirements Of Fed. R. Civ. P. 23

Section 78u-4(a)(3)(B)(iii)(I)(cc) of the PSLRA further provides that, in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

---

[3] Proposed Lead Counsel has calculated the mean trading price using the date of March 27, 2004 because one of the class action lawsuits pending against defendants alleges a class period extending through March 26, 2004.

9

Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two, typicality and adequacy, directly address the personal characteristics of the class representative. *See Lernout & Hauspie*, 138 F. Supp. 2d at 46 (recognizing that plaintiffs seeking appointment as lead plaintiff need only make preliminary showing that they satisfy Rule 23 typicality and adequacy requirements). Consequently, in deciding a lead plaintiff motion, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification. *See Gluck*, 976 F. Supp. at 546. A court's determinations with respect to typicality and adequacy are without prejudice to defendants' right to contest these issues later in the action. As set forth below, Mr. Brower satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff.

    1.    **Mr. Brower's Claims Are <u>Typical</u> Of Those Of The Class**

The typicality requirement of Fed. R. Civ. P. 23(a)(3) is satisfied when the prospective lead plaintiff's claims arise out of the same course of conduct and are based on the same legal theory of the other members of the class. *See Lernout & Hauspie*, 138 F. Supp. 2d at 46 (typicality satisfied when a "named plaintiffs' claims arise from the 'same events or course of conduct' and involve the same legal theory as do the claims of the rest of the class") (quoting *In re Bank of Boston Corp. Sec. Litig.*, 762 F. Supp. 1525, 1532 (D. Mass. 1991)).

In order to meet the typicality requirement of Rule 23(a)(3):

> plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise

> from the same course of conduct that gave rise to the claims of absent members ... The question is simply whether a named plaintiff, in presenting his case, will necessarily present the claims of the absent plaintiffs.

*Randle v. SpecTran*, 129 F.R.D. 386, 391 (D. Mass. 1988) (citing *Priest v. Zayre Corp.*, 118 F.R.D. 552, 555 (D. Mass. 1988)).

Mr. Brower's claims are typical of, if not identical to, the claims of the other members of the Class. As detailed above, the complaints allege that the defendants violated Sections 10(b) and 20(a) of the Exchange Act and related SEC regulations, by publicly disseminating false and misleading statements during the Class Period. In this action, the questions of law and fact common to the members of the Class and which affect individual Class members include:

(a) whether the federal securities laws were violated by defendants' acts as alleged herein;

(b) whether the Company issued false and misleading statements during the Class Period;

(c) whether the Individual Defendants caused the Company to issue false and misleading statements during the Class Period;

(d) whether defendants acted knowingly or recklessly in issuing false and misleading statements;

(e) whether the market prices of Sonus' securities during the Class Period were artificially inflated because of defendants' conduct complained of herein; and

(f) whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

11

These questions apply equally to Mr. Brower as to all members of the purported Class. Similar to all of the other members of the Class, Mr. Brower relied upon the integrity of the market in purchasing Sonus common stock during the Class Period. As a result, Mr. Brower suffered damages. Mr. Brower's claims are based on the same course of conduct and legal theories of the other members of the class. Thus, the typicality requirement is satisfied in this case.

### 2. Mr. Brower Will Fairly And Adequately Represent The Interests Of The Class

Under Rule 23(a)(4) courts have consistently applied a two-prong test to assess the adequacy of representation: (1) whether the named plaintiff has interests antagonistic to those of the class; and (2) whether the plaintiff's attorneys are qualified to conduct the litigation. *See Lernout & Hauspie*, 138 F. Supp. 2d at 46 ("plaintiffs must demonstrate that they have common interests and an absence of conflict with the class members and that the plaintiffs' attorneys are qualified, experience[d] and vigorously able to conduct the litigation").

Mr. Brower satisfies this test. First, there is no conflict between Mr. Brower and other Class members – all investors are aligned in the common interest of recovering the maximum possible damages from the defendants. Indeed, the large loss suffered by Mr. Brower creates an incentive to maximize the recovery in this case. Second, Mr. Brower has selected a qualified law firm, Berman DeValerio, as Lead Counsel. Berman DeValerio specializes in the prosecution of federal securities fraud class action lawsuits and is thoroughly committed to vigorously prosecuting this action. The firm has represented institutional and other investors in many major class actions.

Accordingly, there can be no doubt that Mr. Brower has amply demonstrated his ability to oversee this action and to act in the best interest of the Class to obtain the maximum recovery. Based on these facts, Mr. Brower satisfies the requirements of Section 78u-4(a)(3)(B)(iii)(I) of the PSLRA and should be appointed Lead Plaintiff.

### E. Berman DeValerio Should Be Appointed Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to approval by the Court. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v). Mr. Brower has selected and retained the law firm of Berman DeValerio as Lead Counsel in this action. The attorneys at Berman DeValerio are highly skilled and experienced practitioners who specialize in federal securities class action litigation and are thoroughly committed to the vigorous prosecution of this action. *See Lernout & Hauspie*, 138 F. Supp. 2d at 47 (approving Berman DeValerio as lead counsel in complex securities litigation). A copy of the firm resume for Berman DeValerio is annexed to the Matraia Declaration as Exhibit E.

### V. CONCLUSION

For all of the foregoing reasons, James M. Brower respectfully requests that this Court: (i) consolidate all related actions; (ii) appoint him as Lead Plaintiff in the consolidated securities class action; and (iii) approve his selection and retention of Berman DeValerio as Lead Counsel.

13

Dated: April 12, 2004

Respectfully submitted,

**BERMAN DEVALERIO PEASE TABACCO BURT & PUCILLO**

*/s/ Michael T. Matraia*

Jeffrey C. Block, BBO # 600747
Michael T. Matraia, BBO # 633049
Nicole R. Starr, BBO #654848
One Liberty Square
Boston, Massachusetts 02109
(617) 542-8300

**Attorneys for Plaintiff James M. Brower and Proposed Lead Counsel**

Eduard Korsinsky
Zimmerman Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY  10006
(212) 363-7500

Sonus/dp/LP_Memo