# UNITED STATES DISTRICT COURT

## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DEBORAH CHIN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10294-DPW<br><br>CLASS ACTION |
| MICHELLE TREBITSCH, On Behalf of Herself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10307-DPW<br><br>CLASS ACTION |

[Caption continued on following page.]

**GLOBAL UNDERVALUED SECURITIES MASTER FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO §21D(A)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPOINTMENT OF LEAD COUNSEL**

| | |
|---|---|
| INFORMATION DYNAMICS, LLC, On Behalf of Itself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10308-DPW<br><br><u>CLASS ACTION</u> |
| PETER KALTMAN, On Behalf of Himself and All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10309-DPW<br><br><u>CLASS ACTION</u> |
| SAMANTHA DEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>SONUS NETWORKS, INC., et al.,<br><br>Defendants. | Civil Action No. 04-CV-10310-DPW<br><br><u>CLASS ACTION</u> |

[Caption continued on following page.]

| | |
|---|---|
| RICHARD CURTIS, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SONUS NETWORKS, INC., et al., )<br><br>Defendants. ) | Civil Action No. 04-CV-10314-MLW<br><br>CLASS ACTION |

| | |
|---|---|
| RONALD KASSOVER, On Behalf of the Ronald Kassover IRA and All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SONUS NETWORKS, INC., et al., )<br><br>Defendants. ) | Civil Action No. 04-CV-10329-DPW<br><br>CLASS ACTION |

| | |
|---|---|
| STEVE L. BAKER, Individually and On Behalf of All Others Similarly Situated, )<br><br>Plaintiff, )<br><br>vs. )<br><br>SONUS NETWORKS, INC., et al., )<br><br>Defendants. ) | Civil Action No. 04-CV-10333-DPW<br><br>CLASS ACTION |

[Caption continued on following page.]

| | |
|---|---|
| MICHAEL KAFFEE, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 04-CV-10345-DPW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) ) | |
| HAIMING HU, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 04-CV-10346-DPW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) ) | |
| CHARLES STARBUCK, Individually and On Behalf of All Others Similarly Situated, ) ) ) | Civil Action No. 04-CV-10362-DPW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) ) | |

[Caption continued on following page.]

| | |
|---|---|
| SAMUEL HO, Individually and On Behalf of All Others Similarly Situated, ) | Civil Action No. 04-CV-10363-DPW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| JEFFREY C. RODRIGUES, Individually and On Behalf of All Others Similarly Situated, ) | Civil Action No. 04-CV-10364-DPW |
| ) | CLASS ACTION |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) | |
| ROBERT CONTE and MARK RESPLER, Themselves and On Behalf of All Others Similarly Situated, ) | Civil Action No. 04-CV-10382-DPW |
| ) | CLASS ACTION |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| SONUS NETWORKS, INC., et al., ) | |
| ) | |
| Defendants. ) | |

[Caption continued on following page.]

| | |
|---|---|
| WHEATON ELECTRICAL SERVICES RETIREMENT 401K PROFIT SHARING PLAN, On Behalf of Itself and All Others Similarly Situated, | ) ) ) ) Civil Action No. 04-CV-10383-DPW ) ) CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SONUS NETWORKS, INC., et al., | ) ) |
| Defendants. | ) ) |
| BRIAN CLARK, Individually and On Behalf of All Others Similarly Situated, | ) ) Civil Action No. 04-CV-10454-DPW ) ) CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SONUS NETWORKS, INC., et al., | ) ) |
| Defendants. | ) ) |
| SHEILA BROWNELL, Individually and On Behalf of All Others Similarly Situated, | ) ) Civil Action No. 04-CV-10597-DPW ) ) CLASS ACTION |
| Plaintiff, | ) ) |
| vs. | ) ) |
| SONUS NETWORKS, INC., et al., | ) ) |
| Defendants. | ) ) ) |

[Caption continued on following page.]

SAVERIO PUGLIESE, On Behalf of Himself )
and All Others Similarly Situated,                    )
                                                                        )
                                        Plaintiff,                    )
                                                                        )
            vs.                                                     )
                                                                        )
SONUS NETWORKS, INC., et al.,                    )
                                                                        )
                                        Defendants.               )
                                                                        )

Civil Action No. 04-CV-10612-DPW

CLASS ACTION

DAVID V. NOCITO, On Behalf of Himself )
and All Others Similarly Situated,                    )
                                                                        )
                                        Plaintiff,                    )
            vs.                                                     )
                                                                        )
SONUS NETWORKS, INC., et al.,                    )
                                                                        )
                                        Defendants.               )
                                                                        )
                                                                        )

Civil Action No. 04-CV-10623-DPW

CLASS ACTION

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................................1

II.   STATEMENT OF FACTS .................................................................................3

III.  ARGUMENT......................................................................................................6

      A.    Global Securities Should Be Appointed Lead Plaintiff.........................6

      B.    Global Securities Satisfies All Three of the PSLRA's "Lead Plaintiff"
           Requirements .........................................................................................8

           1.    Global Securities Has Timely Moved for Appointment as Lead
                 Plaintiff ..........................................................................................8

           2.    Global Securities Has the Requisite Financial Interest in the Relief
                 Sought by the Class.........................................................................8

           3.    Global Securities Satisfies Rule 23..............................................9

IV.   GLOBAL SECURITIES' SELECTION OF LEAD COUNSEL SHOULD BE
      APPROVED ......................................................................................................10

V.    CONCLUSION................................................................................................11

# TABLE OF AUTHORITIES

**Page**

*Andrews v. Bechtel Power Corp.*,
  780 F.2d 124 (1st Cir. 1985) .......................................................................................................10

*Greebel v. FTP Software*,
  939 F. Supp. 57 (D. Mass. 1996) .................................................................................................7

*In re Cendant Corp. Litig.*,
  264 F.3d 201 (3d Cir. 2001)......................................................................................................8, 9

*In re Enron Corp., Sec. Litig.*,
  206 F.R.D. 427 (S.D. Tex 2002).................................................................................................11

*In re NASDAQ Market-Makers Antitrust Litig.*,
  187 F.R.D. 465 (S.D.N.Y. 1998) ...............................................................................................11

*Priest v. Zayre Corp.*,
  118 F.R.D. 552 (D. Mass. 1988).................................................................................................9

## STATUTES, RULES AND REGULATIONS

15 U.S.C.
  §78j(b)..........................................................................................................................................2
  §78t(a) ..........................................................................................................................................2
  §78u-4(a)(1) ..................................................................................................................................6
  §78u-4(a)(2)(A).............................................................................................................................8
  §78u-4(a)(3) ..........................................................................................................................passim
  §78u-4(a)(3)(A)..........................................................................................................................7, 8
  §78u-4(a)(3)(A)(i).........................................................................................................................6
  §78u-4(a)(3)(B).....................................................................................................................7, 8, 11
  §78u-4(a)(3)(B)(i).........................................................................................................................6
  §78u-4(a)(3)(B)(ii)........................................................................................................................2
  §78u-4(a)(3)(B)(iii)................................................................................................................2, 7, 9
  §78u-4(a)(3)(B)(v) ...................................................................................................................1, 10

17 C.F.R.
  §240.10b-5 ....................................................................................................................................2

Federal Rules of Civil Procedure
  Rule 23 ..........................................................................................................................................2
  Rule 42(a)......................................................................................................................................2

Page

## LEGISLATIVE HISTORY

H.R. Conf. Rep. No. 104-369, at 34 (1995),
    *reprinted in* 1995 U.S.C.C.A.N. 730, 733 ..........................................................................8

Class member, the Global Undervalued Securities Master Fund (collectively, "Movant" or "Global Securities"), which purchased Sonus Networks, Inc. ("Sonus" or the "Company") securities between April 9, 2003 and February 12, 2004 (the "Class Period"), respectfully submits this memorandum of points and authorities in support of its motion to be appointed lead plaintiff pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934 ("Exchange Act") and for approval of its selection Darren J. Robbins and Travis E. Downs III of the law firm of Milberg Weiss Bershad Hynes & Lerach LLP ("Milberg Weiss") as Lead Counsel and Melick, Porter & Shea LLP as Liaison Counsel for the class pursuant to §21D(a)(3)(B)(v), 15 U.S.C. §78u-4(a)(3)(B)(v).[1]

## I.    INTRODUCTION

Presently pending in this District are 19 related class actions on behalf of persons who purchased or otherwise acquired the publicly traded securities of Sonus during the Class Period.[2]

---

[1]    Any differences in the Class Period or with the defendants named in the 19 related class action lawsuits (the "Actions") presently pending in this District can be resolved when the consolidated complaint is filed.

[2]    The Actions are: *Chin v. Sonus Networks, Inc., et al.*, 04-CV-10294-DPW, filed on February 12, 2004; *Trebitsch v. Sonus Networks, Inc., et al.*, 04-CV-10307-DPW, filed on February 13, 2004; *Information Dynamics, LLC v. Sonus Networks, Inc., et al.*, 04-CV-10308-DPW, filed on February 13, 2004; *Kaltman v. Sonus Networks, Inc., et. al.*, 04-CV-10309-DPW, filed on February 13, 2004; *Den v. Sonus Networks, Inc., et al.*, 04-CV-10310-DPW, filed on February 13, 2004; *Curtis v. Sonus Networks, Inc., et al.*, 04-CV-10314-MLW, filed on February 13, 2004; *Kassover v. Sonus Networks, Inc., et al.*, 04-CV-10329-DPW, filed on February 17, 2004; *Baker v. Sonus Networks, Inc., et al.*, 04-CV-10333-DPW, filed on February 18, 2004; *Kaffee v. Sonus Networks, Inc., et al.*, 04-CV-10345-DPW, filed on February 20, 2004; *Hu v. Sonus Networks, Inc., et al.*, 04-CV-10346-DPW, filed on February 20, 2004; *Starbuck v. Sonus Networks, Inc., et al.*, 04-CV-10362-DPW, filed on February 23, 2004; *Ho v. Sonus Networks, Inc., et al.*, 04-CV-10363-DPW, filed on February 23, 2004; *Rodrigues v. Sonus Networks, Inc., et al.*, 04-CV-10364-DPW, filed on February 23, 2004; *Conte, et al. v. Sonus Networks, Inc., et al.*, 04-CV-10382-DPW, filed on February 26, 2004; *Wheaton Electrical Servs. Ret. 401K Profit Sharing Plan v. Sonus Networks, Inc., et al.*, Case No. 04-CV-10383-DPW, filed on February 26, 2004; *Clark v. Sonus Networks, Inc., et al.*, 04-CV-10454-DPW, filed on March 3, 2004; *Brownell v. Sonus Networks, Inc., et al.*, 04-CV-10597-DPW, filed on March 31, 2004; *Pugliese v. Sonus Networks, Inc., et al.*, 04-CV-10612-DPW,

These Actions are brought pursuant to §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) and 78t(a), and Securities and Exchange Commission ("SEC") Rule 10b-5, promulgated thereunder, 17 C.F.R. §240.10b-5.

Pursuant to the Private Securities Litigation Reform Act ("PSLRA"), the court must decide whether to consolidate the Actions prior to selecting a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As soon as practicable after a decision on consolidation has been rendered, the court is to appoint as the lead plaintiff the movant or group of movants with the largest financial interest in the relief sought in the outcome of the litigation that otherwise satisfy the requirements of Fed. R. Civ. P. 23. *See id.*

Here, as discussed in Global Securities' accompanying Memorandum of Points and Authorities in Support of the Motion to Consolidate Cases for All Purposes and for an Order Requiring Preservation of Documents, the Actions should be consolidated because each involves substantially similar issues of law and fact. *See* Fed. R. Civ. P. 42(a). Additionally, Global Securities should be appointed Lead Plaintiff because it: (1) timely filed its motion for appointment as lead plaintiff; (2) has the largest financial interest in this litigation of any plaintiff or lead plaintiff movant of which Movant is aware; and (3) will adequately represent the interests of the class. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii); *see also* the Affidavit of John E. DeWick in Support of Global Undervalued Securities Market Fund's Motion to be Appointed Lead Plaintiff Pursuant to §21D(a)(3)(D) of the Securities Exchange Act of 1934 and for Appointment of Lead Counsel ("DeWick Aff."), Ex. A. Finally, Global Securities' selection of Milberg Weiss to serve as Lead

---

filed on March 30, 2004; *Nocito v. Sonus Networks, Inc., et al.*, 04-CV-10623-DPW, filed on March 31, 2004.

Counsel should be approved because Milberg Weiss has extensive experience in the prosecution of securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF FACTS

This is a securities action on behalf of all purchasers of Sonus common stock during the Class Period against Sonus and certain of its officers for violations of the federal securities laws. Sonus is a provider of voice infrastructure solutions for the new public network. The Company's products are a new generation of carrier-class switching equipment and software that enable voice services to be delivered over packet-based networks. Throughout the Class Period, Sonus reported and projected surging financial results purportedly stemming from increased demand for the Company's products.

In connection with the release of Sonus's financial results, defendants issued a series of public statements during the Class Period designed to increase investor confidence in the Company and the price of Sonus's stock. On April 9, 2003, Sonus announced that for its first quarter 2003, revenues increased 27% sequentially and loss narrowed to $0.02 per share. The Company attributed its purported success to precise management and its addition of new customers on a global basis. During an interview with CNNfn a few days later, defendant Hassan M. Ahmed similarly stated that Company success would continue as a result of a growing customer base that would further infuse capital into Sonus

On July 14, 2003, Sonus issued a press release for its second quarter 2003 financial results. The Company reported that both revenues and net loss per share improved as compared to both its 1Q03 and its 2Q02. Specifically, revenues for 2Q03 were $21.4 million compared with $16.0 million for 1Q03 and $21.3 million for 2Q02. Net loss for the 2Q03 was $3.2 million compared to a net loss of $4.4 million for 1Q03 and a net loss of $17.8 million for 2Q02. In a *Bloomberg* press release issued a few days later, defendant Ahmed confirmed that the Company was "'driving toward

- 3 -

profitability as fast as we can.'"¶19.[3]  During its 2Q02 conference call and again in an August 1, 2003 press release, Sonus also stated that it expected revenues for its third quarter 2003 results to increase by 15%-20% over reported 2Q03 revenues.

On October 8, 2003, Sonus issued a press release for its 2Q03 financial results, in which it reported that its revenue increased 34% sequentially and 285% over the previous year.  The Company also reported earnings of $2.35 million, or a penny a share, compared to a loss of $14.6 million, or $0.08 a share, for 2Q02.  Sonus surpassed analysts' expectations of a loss of a penny a share for the Company's 3Q03.  As a result, shares of Sonus rose $0.27 to $8.30 and further rose to $8.93 a share in after-hours trading that day.  In a *Bloomberg* press release issued the next day, defendant Ahmed claimed that the Company was able to "consistently grow our top line, our revenues" through the addition of major new customers and careful management of expenses.  ¶24. Moreover, Sonus provided guidance for the following quarter, expecting earnings to be about the same as 3Q03 and revenues to grow by 10%-15%.

On January 20, 2004, however, Sonus reported that it would delay release of its fourth quarter 2003 results pending the completion of an audit.  ¶27.  Then, on February 11, 2004, the Company shocked investors when it revealed that improper revenue recognition during 2003, and possibly earlier, would further delay release of the Company's financial statement for its year end 2003 and cause the Company to reassess its already reported financial statements for the applicable periods.  On this news Sonus' stock price collapsed below $6 per share on extraordinary volume.  ¶4.

---

[3]     Unless otherwise indicated, all paragraph ("¶___" or "¶¶____") references are to the complaint captioned *Information Dynamics, LLC v. Sonus Network, Inc., et al.*, Case No. 04-CV-10308-DPW, filed on February 13, 2004.

On March 29, 2004, Sonus issued a press release entitled "Sonus Networks Provides Update on Status of Its Financial Results." The release stated that the Company, "having made substantial progress towards the completion of its review of 2003 and 2002 financial results, is now considering whether to expand the review to include additional prior periods." The release went on to state:

> Sonus Networks is performing a detailed review of the timing of revenue recognized from customer transactions and of other financial statement accounts. The revenue issues under examination relate to the proper timing of revenue recognition and not whether the sales could ultimately be recorded as revenue. For the customer transactions under review, the products have been delivered and Sonus Networks has either received payment or is receiving payment for the products in the ordinary course.

> At this time, the Company expects that its review will lead to a restatement of historical financial statements for the fiscal year ended December 31, 2002 and for the first three quarters of fiscal year 2003. As a result, existing financial statements for those periods should not be relied upon. Sonus Networks does not expect that these restatements will impact its December 31, 2003 cash, cash equivalents and marketable securities balance, which exceeded $300 million.

*        *        *

> As a result of the Company's delay in filing its Form 10-K for 2003, Sonus Networks expects to receive notification from Nasdaq that it is not in compliance with the filing requirements for continued listing on Nasdaq and that its securities could be subject to delisting from the Nasdaq National Market.

The following day, on March 30, 2004, Sonus issued a release entitled "Sonus Networks Receives Expected Notice Related to Late Filing for Its Form 10-K." The release stated in part "that consistent with the information provided in its press release on March 29, 2004, the Company has received a Nasdaq Staff Determination. The letter indicate[d] that because the Company has not timely filed its Form 10-K for the fiscal year ended December 31, 2003, it is not in compliance with the Nasdaq continued listing requirements set forth in Nasdaq Marketplace Rule 4310(c)(14)." The Company then stated that it "will request a hearing with the Nasdaq Listing Qualifications Panel within seven days of the date of the Determination for continued listing on the Nasdaq National Market. Sonus Networks' securities will remain listed on the Nasdaq National Market pending the

outcome of the hearing. There can be no assurance that the Panel will grant a request for continued listing."

Ultimately, Sonus will have to admit that it improperly recognized revenue for 4Q03 and FY03 and restate results for those periods to remove millions in improperly reported revenues so that their financial statements comply with Generally Accepted Accounting Principles ("GAAP") and SEC rules.

Because the Company's stock was trading at artificially inflated levels due to financial results achieved through improper revenue recognition, defendants were able to complete a public offering of 20 million shares on April 22, 2003, through which over $60 million was raised. Further, the improper revenue recognition allowed defendants Edward N. Harris, Paul R. Jones and J. Michael O'Hara to illegally profit by selling tens of thousands of shares of artificially inflated Sonus stock during the Class Period. Investors, on the other hand, were left holding the bag, losing millions of dollars on their investment in Sonus as a result of defendants' wrongful conduct.

## III.    ARGUMENT

### A.    Global Securities Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of lead plaintiffs in each private action arising under the Exchange Act that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure. 15 U.S.C. §78u-4(a)(1)-(3)(B)(i).

First, the plaintiff who files the initial action must publish a notice to the class within 20 days of filing the action, informing class members of their right to file a motion for appointment as lead plaintiff. 15 U.S.C. §78u-4(a)(3)(A)(i). Here, the relevant notice was published in *PR Newswire* on

February 12, 2004. *See* DeWick Aff., Ex. C.[4] Within 60 days after publication of the notice, any person or group of persons who are members of the proposed class may apply to the court to be appointed as lead plaintiff, whether or not they have previously filed a complaint in the action. 15 U.S.C. §78u-4(a)(3)(A)-(B).

Second, the PSLRA provides that within 90 days after publication of the notice, the court shall consider any motion made by a class member and shall appoint as lead plaintiff the member or members of the class that the court determines to be most capable of adequately representing the interests of class members. 15 U.S.C. §78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that —
>
> (aa)    has either filed the complaint or made a motion in response to a notice ...;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii).

Further, as an institutional investor, Global Securities is precisely the type of movant whose participation in securities class actions Congress sought to encourage through the passage of the PSLRA. As the Third Circuit has recognized:

---

[4]    The national news wire services have been recognized as suitable vehicles for meeting the statutory requirement that notice be published "'in a widely circulated national business-oriented publication or wire service.'" *Greebel v. FTP Software*, 939 F. Supp. 57, 62, 64 (D. Mass. 1996). Citations and footnotes are omitted and emphasis is added, unless otherwise noted.

> Both the Conference Committee Report and the Senate Report state that the purpose of the legislation was to encourage institutional investors to serve as lead plaintiff, predicting that their involvement would significantly benefit absent class members.

*In re Cendant Corp. Litig.*, 264 F.3d 201, 273 (3d Cir. 2001) (citing H.R. Conf. Rep. No. 104-369, at 34 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 733).

### B. Global Securities Satisfies All Three of the PSLRA's "Lead Plaintiff" Requirements

#### 1. Global Securities Has Timely Moved for Appointment as Lead Plaintiff

All class members who are interested in moving for the appointment of Lead Plaintiff in this matter must do so by April 12, 2004. 15 U.S.C. §78u-4(a)(3)(A)-(B). Pursuant to the provisions of the PSLRA and within the requisite time frame after publication of the required notice (published on February 12, 2004), Global Securities hereby timely moves this Court to be appointed Lead Plaintiff.

Global Securities has also duly signed and filed a certification stating that it has reviewed the allegations of the complaint and is willing to serve as a representative party on behalf of the class. *See* DeWick Aff., Ex. A. Accordingly, Global Securities satisfied the individual filing requirements of 15 U.S.C. §78u-4(a)(2)(A) and this Court should grant its motion for appointment as Lead Plaintiff and its selection of Lead Counsel.

#### 2. Global Securities Has the Requisite Financial Interest in the Relief Sought by the Class

During the Class Period Global Securities suffered losses of approximately $920,000 based on its purchase of approximately 300,000 shares of Sonus stock at a cost of over $2,461,000. *See* DeWick Aff., Ex. B. Upon information and belief, Global Securities' financial interest in this matter is the largest of any competing lead plaintiff movant. *See* 15 U.S.C. §78u-4(a)(3)(B).

### 3.    Global Securities Satisfies Rule 23

According to 15 U.S.C. §78u-4(a)(3)(B)(iii), in addition to possessing the largest financial interest in the outcome of the litigation, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Of these four prerequisites, only two – typicality and adequacy – directly address the personal characteristics of the lead plaintiff movant. Consequently, in deciding a lead plaintiff motion, the court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until a class certification motion is filed.

Under Rule 23(a)(3), the claims or defenses of the representative parties must be typical of those of the class. Typicality exists where the plaintiffs' claims arise from the same series of events and are based on the same legal theories as the claims of all the class members. *See Cendant,* 264 F.3d at 264-65. Typicality does not require that there be no factual differences between the class representatives and the class members because it is the generalized nature of the claims asserted which determines whether the class representatives are typical. *See Priest v. Zayre Corp.,* 118 F.R.D. 552, 555 (D. Mass. 1988) ("'With respect to typicality under Rule 23(a)(3), plaintiffs need not show substantial identity between their claims and those of absent class members, but need only show that their claims arise from the same course of conduct that gave rise to the claims of the absent [class] members.'").

- 9 -

Global Securities satisfies the typicality requirement of Rule 23 because, just like all other class members, it: (1) purchased Sonus securities during the Class Period at artificially inflated prices; and (2) suffered damages thereby. Thus, Global Securities' claims are typical of those of other class members since their claims and the claims of other class members arise out of the same course of events.

Under Rule 23(a)(4) the representative party must also "'fairly and adequately protect the interests of the class.'" *See Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 130 (1st Cir. 1985). The PSLRA directs this Court to limit its inquiry of the movant's adequacy to represent the class to the following: (1) the absence of potential conflict between the proposed lead plaintiff and the class members; and (2) the class representatives' choice of counsel who is qualified, experienced and able to vigorously conduct the proposed litigation. *See id*.

Here, Global Securities is an adequate representative because its interest in aggressively pursuing the claims against defendants is clearly aligned with the interests of the members of the class, who similarly suffered losses because of defendants' false statements. Hence, there is no antagonism between the interests of Global Securities and those of the other members of the class. In addition, as demonstrated below, Global Securities' proposed Lead Counsel are highly qualified, experienced and able to conduct this complex litigation in a professional manner. Thus, Global Securities *prima facie* satisfy the typicality and adequacy requirements of Rule 23 for the purposes of this motion.

## IV.    GLOBAL SECURITIES' SELECTION OF LEAD COUNSEL SHOULD BE APPROVED

Pursuant to 15 U.S.C. §78u-4(a)(3)(B)(v), the lead plaintiff shall, subject to court approval, select and retain counsel to represent the class he seeks to represent. In that regard, Global Securities has selected Milberg Weiss to serve as Lead Counsel, subject to the Court's approval. Milberg

Weiss possesses extensive experience litigating securities class actions and has successfully prosecuted numerous securities fraud class actions on behalf of injured investors. *See* DeWick Aff., Ex. D. Milberg Weiss has been appointed as lead or co-lead counsel in landmark class actions, including *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465 (S.D.N.Y. 1998), where plaintiffs' recovery was the largest ever in an antitrust case, and in *In re Enron Corp., Sec. Litig.*, 206 F.R.D. 427, 458 (S.D. Tex 2002). Indeed, in approving the lead plaintiff's choice of Milberg Weiss as sole lead counsel in *Enron*, the Honorable Melinda Harmon found that "the submissions of [Milberg Weiss] stand out in the breadth and depth of its research and insight." *Id.* at 458.

## V.    CONCLUSION

For the foregoing reasons, Global Securities satisfies the requirements of Rule 23 and all of the PSLRA's prerequisites for appointment as Lead Plaintiff in this action and should be appointed Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B). Accordingly, Global Securities respectfully request that this Court: (1) appoint it as Lead Plaintiff pursuant to §21D(a)(3)(B); and (2) approve its selection of Lead Counsel and Liaison Counsel.

DATED: April 12, 2004

Respectfully Submitted,

MELICK, PORTER & SHEA, LLP
RICHARD J. SHEA (BBO 456310)
JOHN E. DeWICK (BBO 654723)

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each party by mail on 4/12/04

_____
JOHN E. DeWICK

28 State Street
Boston, MA  02109
Telephone: 617/523-6200
617/523-8130 (fax)

[Proposed] Liaison Counsel

- 11 -

MILBERG WEISS BERSHAD
  HYNES & LERACH LLP
WILLIAM S. LERACH
DARREN J. ROBBINS
TRAVIS E. DOWNS III
RAMZI ABADOU
THOMAS E. GLYNN
401 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)

[Proposed] Lead Counsel for Plaintiffs

S:\CasesSD\Sonus Networks CA\BRF00008491.doc

## DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare:

1.    That declarant is and was, at all times herein mentioned, a citizen of the United States and a resident of the County of San Diego, over the age of 18 years, and not a party to or interest in the within action; that declarant's business address is 401 B Street, Suite 1700, San Diego, California 92101.

2.    That on April 12, 2004, declarant served GLOBAL UNDERVALUED SECURITIES MASTER FUND'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO BE APPOINTED LEAD PLAINTIFF PURSUANT TO §21D(a)(3)(B) OF THE SECURITIES EXCHANGE ACT OF 1934 AND FOR APPOINTMENT OF LEAD COUNSEL by depositing a true copy thereof in a United States mailbox at San Diego, California in a sealed envelope with postage thereon fully prepaid and addressed to the parties listed on the attached Service List.

3.    That there is a regular communication by mail between the place of mailing and the places so addressed.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 12th day of April, 2004, at San Diego, California.

_____
SHARON E. FORD

- 1 -

SONUS NETWORKS-CA

Service List – 4/6/2004    (04-0069)

Page 1 of  5

## Counsel For Defendant(s)

John R. Baraniak, Jr.
Robert S. Frank, Jr.
Choate, Hall & Stewart
53 State Street, Exchange Place
Boston, MA  02109-2891
  617/248-5000
  617/248-4000 (Fax)

James W. Prendergast
Jeffrey B. Rudman
Daniel W. Halston
Hale And Dorr
60 State Street
Boston, MA  02109
  617/526-6000
  617/526-5000 (Fax)

Thomas J. Dougherty
Matthew J. Matule
Skadden, Arps, Slate, Meagher & Flom LLP
One Beacon Street
Boston, MA  02108
  617/573-4800
  617/573-4822 (Fax)

## Counsel For Plaintiff(s)

Jeffrey C. Block
Michael T. Matraia
Shannon L. Hopkins
Berman DeValerio Pease Tabacco Burt & Pucillo
One Liberty Square
Boston, MA  02109
  617/542-8300
  617/542-1194 (Fax)

Evan J. Smith
Brodsky & Smith, LLC
333 E. City Avenue, Suite 602
Bala Cynwyd, PA  19004
  610/667-6200
  610/667-9029 (Fax)

Samuel H. Rudman
David A. Rosenfeld
Mario  Alba, Jr.
Cauley Geller Bowman & Rudman, LLP
200 Broadhollow Road, Suite 406
Melville, NY  11747
  631/367-7100
  631/367-1173 (Fax)

Steven J. Toll
Daniel S. Sommers
Julie  Goldsmith
Cohen, Milstein, Hausfeld & Toll, P.L.L.C.
1100 New York Ave., N.W., Suite 500
Washington, DC  20005-3964
  202/408-4600
  202/408-4699 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 2 of  5

Jonathan M. Plasse
Goodkind Labaton Rudoff & Sucharow, LLP
100 Park Avenue, 12th Floor
New York, NY  10017-5563
   212/907-0700
   212/818-0477 (Fax)


Brian M. Felgoise
Law Offices of Brian M. Felgoise
261 Old York Road, Suite 423
Jenkintown, PA  19046
   215/886-1900


Bruce G. Murphy
Law Offices of Bruce G. Murphy
265 Llwyds Lane
Vero Beach, FL  32963
   772/231-4202
   772/234-0440 (Fax)


Charles J. Piven
Law Offices of Charles J. Piven, P.A.
The World Trade Center
401 East Pratt Street, Suite 2525
Baltimore, MD  21202
   410/332-0030
   410/685-1300 (Fax)


Marc S. Henzel
Law Offices of Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, PA  19004
   610/660-8000
   610/660-8080 (Fax)


Richard J. Vita
Law Offices of Richard J. Vita
77 Franklin Street, Suite 300
Boston, MA  02110
   617/426-6566
   617/357-1612 (Fax)


Richard A. Lockridge
Karen H. Riebel
Lockridge Grindal Nauen, P.L.L.P.
100 Washington Avenue South, Suite 2200
Minneapolis, MN  55401
   612/339-6900
   612/339-0981 (Fax)


Steven G. Schulman
Richard H. Weiss
Peter E. Seidman
Milberg Weiss Bershad Hynes & Lerach LLP
One Pennsylvania Plaza
New York, NY  10119
   212/594-5300
   212/868-1229 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 3 of  5

William S. Lerach
Travis E. Downs III
Thomas E Glynn
Milberg Weiss Bershad Hynes & Lerach LLP
401 B Street, Suite 1700
San Diego, CA  92101-4297
  619/231-1058
  619/231-7423 (Fax)


Eric J. Belfi
Murray Frank & Sailer, LLP
275 Madison Avenue, Suite 801
New York, NY  10016
  212/682-1818
  212/682-1892 (Fax)


Marc I. Gross
Joseph  Gentile
Pomerantz Haudek Block Grossman & Gross
LLP
100 Park Avenue, 26th Floor
New York, NY  10017-5516
  212/661-1100
  212/661-8665 (Fax)


Roy L. Jacobs
Roy L. Jacobs Attorney At Law
60 East 42nd Street, 46th Floor
New York, NY  10165
  212/867-1156
  212/504-8343 (Fax)


Nancy Freeman Gans
Moulton & Gans, P.C.
33 Broad Street, Suite 1100
Boston, MA  02109
  617/369-7979
  617/369-7980 (Fax)


Laurence D. Paskowitz
Paskowitz & Associates
271 Madison Avenue, 20th Floor
New York, NY  10016
  212/685-0969
  212/685-2306 (Fax)


M. Clay Ragsdale IV
Ragsdale & Frese LLC
1929 Third Avenue North
550 Farley Building
Birmingham, AL  35253-0924
  205/251-4775
  205/251-4777 (Fax)


Andrew M. Schatz
Jeffrey S. Nobel
Nancy A. Kulesa
Schatz & Nobel, P.C.
One Corporate Center
20 Church Street, Suite 1700
Hartford, CT  06103
  860/493-6292
  860/493-6290 (Fax)

SONUS NETWORKS-CA
Service List - 4/6/2004    (04-0069)
Page 4 of 5

Marc A. Topaz
Schiffrin & Barroway, LLP
Three Bala Plaza East, Suite 400
Bala Cynwyd, PA  19004
   610/667-7706
   610/667-7056 (Fax)


Ralph M. Stone
Shalov Stone & Bonner LLP
485 Seventh Avenue, Suite 1000
New York, NY  10018
   212/239-4340
   212/239-4310 (Fax)


Jules  Brody
Stull, Stull & Brody
6 East 45th Street, 4th Floor
New York, NY  10017
   212/687-7230
   212/490-2022 (Fax)


Joseph H. Weiss
Jack I. Zwick
Weiss & Yourman
551 Fifth Avenue, Suite 1600
New York, NY  10176
   212/682-3025
   212/682-3010 (Fax)


Samuel P. Sporn
Christopher  Lometti
Frank R. Schirripa
Schoengold & Sporn, P.C.
19 Fulton Street, Suite 406
New York, NY  10038
   212/964-0046
   212/267-8137 (Fax)


Thomas G. Shapiro
Theodore M. Hess-Mahan
Shapiro Haber & Urmy, LLP
75 State Street
Boston, MA  02109
   617/439-3939
   617/439-0134 (Fax)


Robert I. Harwood
Samuel K. Rosen
Wechsler Harwood LLP
488 Madison Avenue, 8th Floor
New York, NY  10022
   212/935-7400
   212/753-3630 (Fax)


Marian P. Rosner
Michael A. Schwartz
Renee L. Karalian
Wolf Popper LLP
845 Third Avenue
New York, NY  10022
   212/759-4600
   212/486-2093 (Fax)

SONUS NETWORKS-CA

Service List - 4/6/2004    (04-0069)

Page 5 of 5

Eduard Korsinsky
Zimmerman, Levi & Korsinsky, LLP
39 Broadway, Suite 1440
New York, NY 10006
   212/363-7500
   212/363-7171 (Fax)

Richard A. Speirs
Shaye Fuchs
Zwerling, Schachter & Zwerling, LLP
767 Third Avenue
New York, NY 10017-2023
   212/223-3900
   212/371-5969 (Fax)